Opinion issued February 21, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00460-CR

————————————

**DEIDRIS WOODS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1457437**

---

## MEMORANDUM OPINION

Appellant, Deidris Woods, pleaded guilty to the felony offense of assault on a public servant. On September 5, 2015, in accordance with appellant's plea agreement with the State, the trial court signed an order deferring adjudication of

guilt and placed appellant on community supervision for three years.[1] Appellant, acting pro se, filed notices of appeal on December 1, 2017 and May 11, 2018. We dismiss the appeal.

In criminal cases, the appellant must file a notice of appeal "within 30 days after the day sentence is imposed." TEX. R. APP. P 26.2(a)(1). Because the order appealed was signed on September 8, 2015, the deadline for filing the notice of appeal was October 8, 2015. Appellant's initial notice of appeal was filed on December 1, 2017, over two years too late. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's notices of appeal were untimely, we lack jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1.

Moreover, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the clerk's

---

[1] Although the State moved to adjudicate guilt in June 2017, the record, which includes filings up to appellant's second notice of appeal in May 2018, shows no order granting the motion.

record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).